UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

F.H. PASCHEN, S.N. NIELSEN & ASSOCIATES, L.L.C.          CIVIL ACTION

VERSUS                                                                                  NO. 12-2799

SOUTHEASTERN COMMERCIAL MASONRY, INC.               SECTION "E" (3)

REPORT AND RECOMMENDATION

Before the Court is F.H. Paschen, S.N. Nielsen & Associates, L.L.C.'s Memorandum in Support of Attorneys' Fees [Doc. #72], which the District court referred to this Court for resolution.

I.        Background

The underlying factual background of this dispute is irrelevant to the motion for attorneys' fees but outlined in detail in the District Court's bench opinion.  *F.H. Paschen, S.N. Nielsen & Associates v. Southeastern Commercial Masonry, Inc.*, Civ. A. No. 12-2799, 2015 WL 7015389 (E.D. La. Nov. 12, 2015).  In that opinion, the District Court awarded Paschen its attorneys' fees and costs "*only insofar* as this action was necessary to collect the payment made by Paschen to Tailored Foam."  *Id.* at *27 (emphasis added).

II.       Law and Analysis

Generally, the determination of reasonable attorneys' fees involves a two-step procedure. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. *Id.* Then, the district court must multiply the reasonable hours by the reasonable hourly rates. *Blum v. Stenson*, 465 U.S. 886, 888 (1984) (defining base fee to be product of reasonable hours and reasonable rate); *Hensley*, 461 U.S. at 433 (defining product of hours reasonably expended and reasonable hourly rates as "[t]he most useful starting point"); *Brantley*

*v. Surles*, 804 F.2d 321, 325 (5th Cir. 1986) (stating hours multiplied by rate to be normal basis for fee). The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case. *Brantley*, 804 F.2d at 325.

Here, however, the Court finds itself in an unfortunate predicament. Paschen seeks $82,207.00 in legal fees and $5,680.78 in costs. In the alternative, Paschen seeks 50 per cent of the amount that it was charged, or $51,725.00 and $5,680.78 in costs. But the District Court *only* awarded Paschen its legal fees and costs associated with the collection of the payment by Paschen to Tailored Foam.

The Fifth Circuit has made clear that

> [t]he district court must determine whether the hours claimed were "reasonably expended on the litigation." *Alberti v. Klevenhagen*, 896 F.2d 927, 933-34 (5th Cir.), *vacated on other grounds*, 903 F.2d 352 (5th Cir. 1990); *see also Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939 ("The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'"). Moreover, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. **The applicant . . . should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims**." *Hensley*, 461 U.S. at 437, 103 S. Ct. at 1941; *see also Bode*, 919 F.2d at 1047 ("[T]he party seeking reimbursement of attorneys' fees . . . has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement.").
>
> Accordingly, the documentation must be sufficient for the court to verify that the applicant has met its burden. *Id.* "In determining the amount of an attorney fee award, courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." *Id.*; *see also Hensley*, 461 U.S. at 433, 103 S. Ct. at 1939 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."). Thus a district court may reduce the number of hours awarded if the documentation is vague or incomplete. *See Alberti*, 896 F.2d at 931 (refusing to accept incomplete documentation "at face value"); *Leroy v. City of Houston* (*Leroy I*), 831 F.2d 576,

2

585–86 (5th Cir.1987) (finding clear error and abuse of discretion when district court accepted "faulty records" without making reduction); *cf. Hensley*, 461 U.S. at 433, 103 S. Ct. at 1939 (counseling that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly").

*La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (emphasis in bold added).

And the Supreme Court has clarified that

> [t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?
> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants – often an institution and its officers, as in this case – counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." *Davis v. County of Los Angeles*, 8 E.P.D. ¶ 9444, at 5049 (CD Cal. 1974). The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.

*Hensley*, 461 U.S. at 434-35 (footnotes omitted).

This case law requires Paschen to have billed in increments that reflect on what claim counsel was working when they billed for each entry.  The District Court limited Paschen's award of attorneys' fees and costs to the result obtained for one claim – and one claim only.  Indeed, if one looks at the math, it is difficult to perceive how Paschen can even be considered a "prevailing party" in this action (as that term is normally defined), given that Southeastern Commercial Masonry, Inc. ("SECM") actually walked away with $39,012.21.

3

What is more important is that there has been no exercise in billing judgment on Paschen's part.  This Court has reviewed the billing statement of Paschen and can not find one entry that mentions Tailored Foam or the recovery of any payment to it.  While the Court recognizes that at least some of counsel's work contributed to the recovery of this claim, not all – or even 50 per cent – of counsel's labor did.  Indeed, even SECM recognizes that "[t]he effort to collect on that one payment included the insertion of 15 pages into the exhibit book, a few minutes of trial testimony over the 2 day trial (if that long), introducing at trial the 15 pages of exhibits (out of over 5,000 pages), and 3 lines in FHP's Post Trial Brief." [Doc. #74 at p. 2].

Here, Paschen argued to the District Court that it had sustained $180,351.60 in damages. *F.H. Paschen*, 2015 WL 7015389, at *5. The District Court awarded it $52,901.70.  *Id.* at *28. Having reviewed the billing statements and the amount awarded to Paschen, and also in consideration that this was a simple collection claim that related to only one vendor, the Court finds that a reduction of 75 per cent is appropriate to the attorneys' fees sought.  Accordingly, the Court will award $20,551.75 in fees to Paschen.[1]

The Court finds the same reduction appropriate with regard to costs.  The Court will award Paschen its $350.00 filing fee.  Deducting that amount from the requested amount of $5,680.78, the Court will reduce the remaining amount – $5,330.78 – by 75 per cent for a total of $1,332.69. Adding back in the $350.00, the award of costs equals $1,682.69.

## IV.    Conclusion

For the foregoing reasons,

---

[1] This Court has no qualm with the reasonable hourly rate of $250.00 for the attorney and $100.00 for the paralegal given their skill and years of experience.

**IT IS RECOMMENDED** that F.H. Paschen, S.N. Nielsen & Associates, L.L.C.'s Memorandum in Support of Attorneys' Fees [Doc. #72] be GRANTED IN PART to the extent that Paschen be awarded $20,551.75 in fees and $1,682.69 in costs.

## NOTICE OF RIGHT TO OBJECT

Ojections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 9th day of March, 2017.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**